UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FIFTH DIVISION

Thomas Jones,

Plaintiff,

vs.

Duluth, Missabe and Iron Range Railway Company, a corporation, and subsidiary of Transtar Company, Inc., a corporation,

Defendant.

**JOINT CONFERENCE REPORT**

Case No. 01 CV 1251
DDA/RLE

The above-referenced parties submit the following information in compliance with Federal Rule of Civil Procedure 26(f).

**A. Date and Place of Meeting.**

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on Sept. 4, 2001, and was attended by:

Jeffrey R. Schmidt, Rider, Bennett, Egan & Arundel, LLP, Suite 2000, 333 South Seventh Street, Minneapolis, Minnesota 55402 for defendant Duluth, Missabe & Iron Range Railway Company, and William Kvas, Hunegs, Stone, LeNeave, Kvas & Thornton P.A., 1650 International Centre, 900 Second Avenue South, Minneapolis, Minnesota 55402 for plaintiff Thomas Jones.

**B. Description of Case.**

1. Plaintiff is a Carman employed by defendant. He claims to have sustained injuries to his right shoulder and other parts of his body on May 27, 2000, while inspecting and performing repairs to rail cars in the Proctor Yard, Proctor, Minnesota. Plaintiff contends that his injuries were

6

SEP 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

caused by defendant's negligence and violation of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq.*

Defendant denies liability and claims that any injuries sustained by plaintiff were caused by plaintiff's sole or contributory negligence, and has asserted other defenses.

2. This case is brought under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, *et seq*. DM&IR does not dispute the facts giving rise to jurisdiction.

3. The major factual issues to be resolved are:

a. Whether defendant was negligent in failing to provide plaintiff with a reasonably safe place to work;

b. Whether plaintiff was negligent in failing to exercise reasonable care for his own safety;

c. The nature, extent, and permanency of any injuries sustained by plaintiff; and

d. The amount of damages, if any, sustained by plaintiff;

e. Any other issues which may be revealed during the course of continuing investigation and discovery.

**C. Pleadings.**

1. All pleadings have been filed. The parties do not presently contemplate the addition of other parties to this litigation.

2. Both parties should be allowed until December 1, 2001 to join additional parties and/or to amend the pleadings. However, both parties also retain the right to move to join additional parties or amend the pleadings following such date, should continuing investigation and/or discovery reveal new information justifying such motions.

3. Jury trial has been demanded.

**D. Discovery Plan.**

The parties jointly propose to the Court the following discovery plan:

1. The parties will have exchanged the information required by Fed.R.Civ.P. 26(a)(1) by September 30, 2001.

2. A maximum of 25 Interrogatories by each party to any other party, without leave of Court. Response is due 30 days after service.

3. A maximum of six depositions by plaintiff and six by defendant, exclusive of depositions taken for use at trial. Each deposition limited to maximum of five hours unless extended by agreement of parties or by leave of Court on motion.

4. Both parties may call as experts an economist, vocational rehabilitation counselor, medical doctor(s), and liability experts.

5. Plaintiff is required to disclose its experts to defendant by February 15, 2002, and to provide expert reports by March 1, 2002, under Rule 26(a)(2). Defendant to disclose its experts to plaintiff by March 15, 2002, and provide expert reports by April 1, 2002.

6. The parties anticipate expert depositions will be taken.

7. A maximum of five expert depositions to be taken by plaintiff and five by defendant without leave of Court.

8. Supplementation under Rule 26(e) will be due in accordance with the Rule.

**E. Dispositive Motions and Trial.**

1. Dispositive motions shall be filed and hearing completed by May 30, 2002.

2. The case should be ready for trial by June 15, 2002.

3. Estimated trial time of five days.

**F. Other Items.**

All discovery commenced in time to be completed by May 1, 2002, with the understanding that any witnesses or evidence disclosed after that date are subject to discovery.

Defendant to have completed its Independent Medical Examination by March 15, 2002, and the report of the examiner to be provided by April 1, 2002.

The parties request a pretrial/settlement conference after May 15, 2002.

Final list of witnesses and exhibits under Rule 26(a)(3) should be due: from plaintiff by June 1, 2002; from defendant by June 15, 2002. Parties should have 15 days after service of final witness and exhibit lists to state objections under Rule 26(a)(3).

The parties request a trial date of July 15, 2002.

HUNEGS, STONE, KOENIG, & LeNEAVE, P.A.

By ______________________
William Kvas
Attorneys for Plaintiff
1650 International Centre
900 Second Avenue South
Minneapolis, Minnesota 55402
(612)339-4511

DATED: September 4, 2001

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By ______________________
Jeffrey R. Schmidt
Max C. Ramsey
Attorneys for Defendant
Suite 2000
333 South Seventh Street
Minneapolis, Minnesota 55402
(612) 340-8901

DATED: 8-31, 2001

::ODMA\PCDOCS\RIDER\710904\1

HUNEGS, STONE, LENEAVE, KVAS & THORNTON, P.A.
ATTORNEYS AT LAW

1650 INTERNATIONAL CENTRE, 900 SECOND AVENUE SOUTH, MINNEAPOLIS, MN 55402-3339
TELEPHONE: 612-339-4511 FAX: 612-339-5150 TOLL-FREE: 1-800-328-4340

September 7, 2001

US DIST COURT
SEP 10 AM 9:04

District Court Administrator
United States District Court
515 West First Street
Duluth, MN 55802

*Re: Thomas Jones vs. Duluth, Missabe & Iron Range Railway Company*
*Court File No. 01 CV 1251 RLE*

Dear Clerk:

Enclosed herewith for filing is Joint Conference Report in regards to the above-entitled matter.

Cordially,

William Kvas

WK/bk
Enclosure
cc: Jeffrey Schmidt